284 P.2d 885]

[Crim. No. 5325.   Second Dist., Div. Three.   June 22, 1955.]

THE PEOPLE, Respondent, v. JOSEPH JACK CUNHA, Appellant.

William J. F. Brown for Appellant.

Edmund G. Brown, Attorney General, and Marvin Gross, Deputy Attorney General, for Respondent.

SHINN, P. J.—Joseph Jack Cunha and Carl Lee Pritchard were jointly accused by information of grand theft in that they took from Antone J. Grassel property consisting of a wrist watch, a television set and $150 cash of the total value of $327. Pritchard pleaded guilty and turned State's evidence. Cunha was tried to a jury and convicted. Probation was denied and Cunha was sentenced to state prison. He appeals from the judgment and an order denying his motion for new trial.

There was evidence of the following facts. Grassel returned from the race track one evening and met Cunha and Pritchard in a bar on West Pico Street in Los Angeles. The parties had several drinks and Grassel stated aloud that he was reluctant to drive his car home, whereupon Cunha drove Grassel home in the latter's car, Pritchard following in Cunha's car. At Grassel's home he offered Cunha $5.00 which was refused. Upon invitation Cunha and Pritchard spent the night there, sleeping in a front room which contained at 21-inch television set encased in a heavy steel cabinet. Grassel was wakened during the night, saw a person whom he believed to be Pritchard and was told that the intruder was looking for a glass of water. Grassel wakened again about 4:30 a.m.; Cunha and Pritchard had already left and Grassel discovered that there was missing $165 in cash consisting of two $50 bills and other bills, also the T-V set valued at about $164 and a $12 wrist watch. Pritchard testified that he and Cunha carried away the T-V set early in the morning and put it into Cunha's car and that Cunha later handed him $65; fearful of discovery they left the set at the side of the road and abandoned it. In the evening following the theft Cunha got change for a $50 bill in another bar on Pico Street. Cunha on the stand denied any knowledge of the theft, testified that he did not see the T-V set, the money or the watch; that he drove Pritchard to work and just as Pritchard was leaving the car he handed Cunha a folded bill which was accepted and placed in his pocket without examination.

Appellant's first contention on appeal is "the evidence was insufficient to overcome the presumption of innocence beyond a reasonable doubt." "The evidence was insufficient

to establish a corpus delicti'' etc. ■ It is argued that the testimony of Pritchard was unworthy of belief because he had previously been convicted of a felony, grand larceny. This, of course, did not render him incompetent as a witness and his credibility was something to be appraised by the jury. ■ Appellant's presence at the scene of the theft, the fact that a heavy steel encased T-V set was carried from the house and placed in the car, and the fact that upon the following evening appellant exhibited a $50 bill, furnished substantial corroboration for the testimony of Pritchard. On appeal a claim of insufficiency of the evidence must fail if when given full effect it logically and reasonably leads to a conclusion of guilt. Such is the present case.

The judgment and order denying motion for new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.